## ANNIE ENGLE v. THE STATE.

1. The presence of the law judge of the Court of Common Pleas in Camden county is not necessary to the legal constitution of the court.
2. Upon a trial before a jury, the judge's comments and expressions of opinion upon the testimony are not legally erroneous, so long as the duty of the jury to decide disputed questions of fact for themselves is pointed out.
3. An objection, made in gross to instructions of the court which contain several distinct propositions, some of which were proper, will not be regarded on writ of error. The party objecting must specify at the trial the particular propositions deemed erroneous, so that if the errors be committed by inadvertence or other like cause, they may be at once corrected.

On writ of error to the General Quarter Sessions of Camden county.

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff in error, *Scovel & Harris.*

For the state, *W. H. Jenkins.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff in error was indicted in Camden county for causing an abortion.   Upon her trial before the General Quarter Sessions she interposed the following challenge to the array of jurors:   " Because the general panel of jurors was not drawn in the presence of the Court of Common Pleas, inasmuch as John W. Westcott, the law or president judge of the Court of Common Pleas, was not present as a member of said court at the drawing of said panel."

The overruling of this challenge is the first reason urged for the reversal of her conviction.

With regard to this alleged error, it suffices to say that there is no statute requiring the presence of the law judge to constitute a legal Court of Common Pleas in Camden county, and in *Gray* v. *Bastedo,* 17 *Vroom* 453, this court decided that his presence was not essential.

The second error assigned is upon an exception taken at the trial to the following paragraph in the charge of the court:   " This is a case where, perhaps, the manner of witnesses upon the stand, their style, their deportment, the way they appear and act, may weigh as much as words themselves.   There is nothing more impressive in the case than the apparent heartlessness of the defendant in talking the way she did about this unfortunate affair; there is nothing more impressive than her absence of solicitude about the girl's condition and her absence of effort in helping the state detect the crime when she became possessed of the knowledge that such a crime, at

least apparently, had been committed.    Such facts as these are important for your consideration, and from them you can draw strong inferences one way or the other."

It was conceded by the plaintiff in error at the trial that the person upon whom she was charged with having procured the abortion had died at her house from the effects of a criminal abortion; the denial of the plaintiff in error was solely to the charge that the abortion had been caused in her house or with her aid or collusion.    The comments of the court upon the conduct of the accused, in view of this admitted fact, and upon the credibility of witnesses, were calculated merely to direct the attention of the jury to matters which were proper for their consideration, and when taken in connection with the rest of the charge, cannot be believed to have been understood by the jury as at all deciding any question of fact.    The charge plainly instructed the jury that it was their province to ascertain the facts, either by such direct evidence as they believed or by such inferences as they themselves drew.    So long as the duty of the jury to decide disputed questions of fact for themselves is pointed out in the charge, the judge's comments and expressions of opinion upon the testimony are not assignable for error.    *Donnelly* v. *State,* 2 *Dutcher* 463; *Bruch* v. *Carter,* 3 *Vroom* 554; *Castner* v. *Sliker,* 4 *Vroom* 95, 507; *Smith* v. *State,* 12 *Vroom* 370.    This assignment is not sustained.

The last assignment of error is that when the jury, after retiring to consider the cause, returned into court with a verdict that the defendant was guilty of being an accessory, the court addressed them as follows:    "This verdict cannot be received, inasmuch as it is not a legal verdict under the indictment.    Under this indictment the defendant must either be found guilty or not guilty, and the jury must retire again for further deliberation.    The jury should arrive at a verdict in this case.    If you believe from all the circumstances of the case that the defendant assisted, assented to, or provided a place where the crime could be performed, or had anything whatever to do with the crime, she is guilty and ought to be

convicted; if you find she did not, she ought to be acquitted; if you have any reasonable doubt, you must give the defendant the benefit of that doubt."

The bill of exceptions shows that the objection made at the trial to these instructions was entirely general. The instructions contain several propositions, some of which at least were proper and accurately stated. Under these circumstances, it is settled that an objection to the whole in gross will not avail. The party objecting must specify the points deemed erroneous, so that if the error be committed by inadvertence or for want of clearness of expression, or other such cause, it may be at once corrected. *Associates* v. *Davison*, 5 *Dutcher* 415; *Kalbfleisch* v. *Standard Oil Co.*, 14 *Vroom* 259. The propriety of maintaining this rule in courts of review is exemplified in the present case. From the argument addressed to us by counsel for the plaintiff in error, it appears that the objection at the trial was based upon the notion that the instructions permitted the jury to convict the defendant, even though the abortion had been caused in Philadelphia; while it seems quite plain that the mind of the court was directed to the proposition that as the offence was a misdemeanor, those aiding in its commission must be convicted as principals, not as accessories. The court did not deal with the locality of the crime. If counsel desired the charge of the court upon the point now raised, an explicit request to that effect should have been presented.

There is no error upon the record warranting a reversal of the judgment.

Let the judgment be affirmed.