125 N.J. Super. 290 (1973)
310 A.2d 512
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MILTON WESLEY HANNAH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1973.
Decided October 16, 1973.
*292 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Gerald P. Boswell, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney for respondent (Mr. John N. Shaughnessy, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, P.J.A.D.
We find only one point raised in defendant's brief worthy of discussion, i.e., the alleged illegality of the search of defendant's person.
Defendant was tried and convicted for unlawful possession of heroin. Aside from the search question defendant states as grounds of appeal: (1) perjurious police testimony was admitted on the motion to suppress; (2) police failure to arrest defendant at the scene of his apprehension violated his Fourth and Fifth Amendment "rights," and (3) defendant was not brought before a magistrate until after a lapse of 69 days. We find none of these contentions to have merit.
As to the search issue, the facts are these. On the day in question Captain Gudgeon of the Middlesex County Sheriff's Office received a telephone call from an individual he knew advising him that a 1968 white Pontiac with a black roof and Ohio license plates AF 4436 would be parked in the vicinity of Neilson and Washington Streets in New Brunswick; that the driver would be a person named Jackson, a Negro male six feet tall and weighing 195 pounds, wearing a yellow suit; that he would have narcotic drugs in his possession and that he was believed to be armed with a shot-gun. The informant *293 was considered reliable by the officer, having on previous occasions given the police information on narcotics activity which had resulted in three arrests.
Captain Gudgeon, in the company of Detectives DiPane and Robert Belluscio, proceeded to Neilson and Washington Streets. Although they did not find such a vehicle in this location, they spotted a vehicle of that description making a right turn at the traffic light on Albany Street. The officers then stopped the vehicle on Albany Street at the corner of George Street. They approached defendant with their guns drawn and then took him over to the sidewalk where, according to Gudgeon and DiPane, they conducted a quick superficial search for weapons and narcotics. They found no weapons or narcotics, but defendant's wallet revealed a driver's license and registration in the name of Jackson. Since a crowd was gathering and traffic was being blocked, defendant and his car were removed to police headquarters three blocks away where a thorough search of defendant's person revealed 51 bags of heroin and some cocaine. These items were the basis for the prosecution resulting in the conviction.
On the motion to suppress the trial judge held that although defendant was not arrested until after the search at headquarters  a fact unequivocally asserted by Captain Gudgeon  the detention of the defendant for purposes of making the search was proper under the circumstances because of an "emergent situation."
Defendant contends there was no probable cause for the police to believe he had anything lawfully seizable on him. We disagree. The informant's reliability was established by the previous experience of the police with him and corroborated by the close resemblance of defendant and his vehicle to the information received. Compare State v. Scharfstein, 79 N.J. Super. 236 (App. Div. 1963), aff'd 42 N.J. 354 (1964). The unusual detail with which defendant and his car, as well as their location, were described, *294 presents a close analogy with the situation in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); and see United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
However, the mere existence of probable cause does not alone confer legality upon a warrantless search. "Reasonableness," for Fourth Amendment purposes, is prima facie equatable with the obtaining of a valid search warrant "except in certain carefully defined classes of cases" (the oft-mentioned "exceptions" to the warrant requirement). Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706, 713 (1973); Wyman v. James, 400 U.S. 309, 316, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971); Camara v. Municipal Court, 387 U.S. 523, 528-529, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); Vale v. Louisiana, 399 U.S. 30, 34, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).
We pause to point out that the exception for searches incidental to a valid arrest is not applicable here, nor did either the State or the trial court so aver. The evidence bears out the trial court's finding that prior to the discovery of the drugs defendant was only "detained" in order that the search could be conducted, not arrested in the sense of an intentional apprehension of defendant for the purpose of charging him with any crime. See State v. Baker, 112 N.J. Super. 351, 356-357 (App. Div. 1970); Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958). The only "arrest" here, within the rationale of the exception for warrantless searches incidental to a valid arrest, took place after the narcotics were found on defendant's person. That arrest was concededly dependent on the outcome of the search, not on the facts constituting probable cause. The search was therefore not incidental to any arrest. Cf. State v. Doyle, 42 N.J. 334, 342-43 (1964).
However, we conclude the search was valid under the exception for exigent circumstances, see State v. Naturile, 83 N.J. Super. 563, 568-69 (App. Div. 1964), allied, under the present facts, to the exception for searches of automobiles. *295 One of the most thoroughly established exceptions to the warrant requirement is that relating to motor vehicles. Probable cause suffices to search an automobile without a warrant because its mobility, actual or potential, makes it impracticable to obtain a search warrant before conducting the search. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In the present case the characterization of mobility of the vehicle in which defendant was traveling was obviously as applicable to him as driver of the car as to the vehicle itself. The impracticability of going for a warrant which would justify a warrantless search of the car itself cannot be rationally differentiated from the impracticability which would inhere in going for a warrant to search the individual traveling in that car. There is no less law enforcement interest in searching an individual on probable cause than his vehicle, nor any substantially greater invasion of privacy in the former case than the latter. This, moreover, was a case of "evidence or contraband * * * threatened with removal or destruction * * *," Johnson v. United States, 333 U.S. 10, 15, 68 S.Ct. 367, 369, 92 L.Ed. 468 (1948); and see Chapman v. United States, 365 U.S. 610, 615, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), thereby invoking the principle of the exigent or necessitous circumstances exception to the warrant requirement. State v. Naturile, supra, (83 N.J. Super. at 568, 570).
The fact that the officers continued the incomplete search of defendant at the police station was reasonable under all the circumstances and should not invalidate the search any more than if it had been the vehicle which was removed to and searched at the station. See Chambers v. Maroney, supra.
The denial of the motion to suppress was correct.
Judgment affirmed.