129 N.J. Super. 430 (1974)
324 A.2d 62
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PAUL B. SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1974.
Decided August 2, 1974.
*432 Before Judges HANDLER, MEANOR and KOLE.
Mr. Michael Suffness, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Thomas P. Simon, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney).
PER CURIAM.
From two sources the Elizabeth, New Jersey, police received information that narcotics were being dispensed from an apartment occupied by one Robert Jackson located at 1065 Magnolia Street. One source of information was an anonymous telephone call; the other was an informer whose information had in the past led to arrests. Detective Arne Highsmith began a surveillance of the premises in an effort to garner sufficient factual data for a search warrant. While waiting in an unmarked car parked on the same side of the street as the building being watched, Highsmith saw a vehicle stop and double park on the opposite side of the street. While his two companions waited in the car defendant exited therefrom and entered the building which consisted of a store on the first floor and apartments on the two floors above. Highsmith recognized defendant and knew that he had an arrest record for narcotics violations. The detective also had information that Smith was currently a narcotics user and that he had been seen recently in areas under surveillance in connection with narcotics investigations.
When defendant entered the building Highsmith drove past the building in an effort to see which apartment Smith entered. He was unable to ascertain this, made a U-turn and stopped opposite the building at a point behind the double *433 parked car which was awaiting defendant's return. Smith remained in the building 10 to 15 minutes and then reentered the double-parked car. While occupying the rear seat Smith glanced around furtively. Since he was of the opinion that Smith had made a purchase of narcotics, Highsmith radioed for help while he followed the vehicle in which defendant, still looking about suspiciously, was a passenger. The vehicle was stopped, defendant was ordered out of it and a nonconsensual search revealed heroin concealed in one of his shoes.
Defendant's motion to suppress was denied and the propriety of that ruling is the only issue raised on this appeal.
The forceful search of defendant undertaken here cannot be justified as a search incident to an arrest, for Highsmith conceded that defendant was not under arrest at the time of the search. The arrest of defendant was subsequent to and dependent upon the search. Thus, this warrantless search can only be justified if it was made on probable cause under exigent circumstances that, as a practical matter, prevented expenditure of the time necessarily consumed in obtaining a warrant. State v. Hannah, 125 N.J. Super. 290 (App. Div. 1973).
We deal first with the matter of exigent circumstances, for we have no doubt that such existed here. If there was probable cause to search Smith, promptness in acting thereon was essential, for the time expended to obtain a warrant would probably have permitted Smith to escape or consume the heroin or both. See State v. Hannah, supra, which finds an exigent circumstance present because of the mobility of the automobile. See also, State v. Williams, 117 N.J. Super. 372 (App. Div. 1971), aff'd o.b. 59 N.J. 535 (1971).
There is no mathematical precision to the concept of probable cause. The shorthand test is whether under the circumstances a prudent man would be warranted in the belief that a crime probably is being committed. While that belief may not rest on raw suspicion, it may rest on hearsay which has the aura of trustworthiness. Too, in determining *434 whether probable cause exists, the specialized experience of the police may be taken into account. Here, Detective Highsmith had participated in over 1,000 narcotics arrests. Valuable discussions of probable cause from which the above principles are drawn may be found in State v. Kasabucki, 52 N.J. 110, 116-117 (1968); State v. Ebron, 61 N.J. 207 (1972); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).
Here we believe that Detective Highsmith had probable cause to believe that Smith had made a purchase of narcotics and was illegally in possession of them at the time of his exit from the premises under surveillance. Had there been no exigent circumstance, Highsmith could have obtained a warrant to search Smith based on the information in his possession. Since there was no realistic possibility of obtaining a search warrant without risking a probability of the disappearance of defendant and destruction of the object of the search, Highsmith was justified in proceeding to search without a warrant and to arrest on the basis of the search.
The combination of factors known to Highsmith, none of which alone would have provided a proper foundation for a finding of probable cause, when considered in toto, justify his search. The informant's information had an added manifestation of reliability since this person had in the past supplied information leading to arrests. State v. Perry, 59 N.J. 383 (1971). See also State v. Ebron, 61 N.J. 207 (1972). The anonymous phone call, while not entitled to great weight, gives added credence to the idea that narcotics were being dispensed from 1065 Magnolia Avenue. Defendant's known narcotics record; his recent presence in areas being investigated for narcotics activity; his presence at 1065 Magnolia Avenue for a period just long enough to make a narcotics purchase and his furtive glances after exiting under the circumstances would warrant an experienced police officer to believe that Smith had probably made a purchase of narcotics. *435 State v. McNair, 60 N.J. 8 (1972); State v. Gray, 59 N.J. 563 (1971). With probable cause to search, Highsmith was justified in doing so without a warrant under these exigent circumstances. We believe that this result is supported by the following cases from other jurisdictions, all of which uphold searches under exigent circumstances prior to arrest. State v. Gerke, 6 Wash. App. 137, 491 P.2d 1316 (Ct. App. 1971); State v. Goings, 184 Neb. 81, 165 N.W.2d 366 (Sup. Ct. 1969); State v. Hazelwood, 209 Kan. 649, 498 P.2d 607 (Sup. Ct. 1972); State v. Dixon, 5 Or. App. 113, 481 P.2d 629 (Ct. App. 1971), cert. den. 404 U.S. 1024, 92 S.Ct. 690, 30 L.Ed.2d 674 (1972); State v. Diaz, 3 Ore. App. 498, 473 P.2d 675 (Ct. App. 1970); State v. Murphy, 3 Or. App. 82, 471 P.2d 863 (Ct. App. 1970); Holt v. Simpson, 340 F.2d 853 (7 Cir.1965); Lavato v. People, 159 Colo. 223, 411 P. 2d 328 (Sup. Ct. 1966) and cf. People v. Simon, 45 Cal.2d 645, 290 P.2d 531 (Sup. Ct. 1955).
Some of the above cases proceed on the rationale that where the arrest and search occur close together in point of time and in reality constitute a single transaction, it does not matter if technically the search preceded the arrest. See State v. Doyle, 42 N.J. 334, 343 (1964). However, the fact remains that these cases are authority for the validation of a search made under exigent circumstances upon probable cause prior to arrest. We think that this is a more appropriate analysis and hold that a search without a warrant may be made if probable cause exists therefor and exigent circumstances are present which, as a practical matter, preclude expenditure of the time necessary to obtain a warrant because of a probability that the suspect or the object of the search will disappear, or both. The exigent circumstances theory better fits this type of case than does an analysis that attempts to fit a pre-arrest search into the category of a search incidental to an arrest. The latter approach seems to us to carry a built-in logical inconsistency.
*436 Our holding here is not contrary to State v. Scharfstein, 79 N.J. Super. 236 (App. Div. 1963), aff'd 42 N.J. 354 (1964) or In re State in Interest of D.S., 63 N.J. 541 (1973) adopting dissenting opinion 125 N.J. Super. 278, 283 (App. Div. 1973). In Scharfstein a search was made on nothing more than an anonymous tip. In In re State in Interest of D.S. the search was made on no greater a foundation than that young males were congregating on a corner in an area noted for narcotics activity. As the facts here show, Detective Highsmith was possessed of information that provided a basis for probable cause to believe that defendant was in possession of narcotics.
Affirmed.