131 N.J. Super. 542 (1974)
330 A.2d 631
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LESTER CURTIS MACK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1974.
Decided December 23, 1974.
*543 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. David L. Rhoads, Assistant Prosecutor, of counsel; Ms. Margaret Padovano, on the brief).
PER CURIAM.
Defendant was convicted on a trial by jury of illegal possession of heroin, in violation of N.J.S.A. *544 24:18-4, since repealed and replaced by N.J.S.A. 24:21-20. He asserts three grounds for this appeal, claiming error in (1) the refusal of the trial judge to suppress the search; (2) the admission of six glassine envelopes into evidence, and (3) the charge to the extent it instructed the jury that "whether or not [the substance involved] was heroin * * * is really not an issue in the case," that that issue "is out of the case."
On a timely, pretrial suppression motion the trial judge found that the challenged warrantless search and seizure was justified by the reasonable  the court said "well-grounded"  belief by the police officers involved that a crime had been and was being committed in their presence. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Waltz, 61 N.J. 83 (1972). Not only is this finding one which could reasonably have been reached on sufficient credible evidence in the record, as a result of which we shall not disturb it (State v. Johnson, 42 N.J. 146 (1964)), but our own careful review of the record conduces to the same conclusion. The warrantless search in the circumstances here present was amply justified. State v. Hannah, 125 N.J. Super. 290 (App. Div. 1973), certif. den. 64 N.J. 499 (1974).
Defendant's objection to admission into evidence of the six glassine envelopes rests upon his claim that there were "significant gaps" in the chain of custody. This argument was made to and considered by the trial judge, who consciously exercised his discretion in favor of the admission of the envelopes. We are satisfied from the record that this was not a mistaken exercise of discretion. State v. Brown, 99 N.J. Super. 22 (App. Div. 1968), certif. den. 51 N.J. 468 (1968). It is not inappropriate to observe that the challenge to the chain of possession was to occurrences following the analysis by the chemist who testified to their heroin content. Further, as is noted below, the real contest here was as to defendant's possession vel non of the heroin; in his summation defense counsel isolated this issue *545 and conceded, "The State has proven through its chemist that one of those envelopes, the one that was tested, contained a quantity of heroin."
This latter consideration serves also to defeat defendant's objection to the judge's charge. While it is axiomatic that the State must bear its burden of proof beyond a reasonable doubt with respect to all material elements of the crime charged, in the matter before us defendant clearly conceded the fact of the heroin content of the glassine bags. In addition to the uncontradicted testimony of the chemist and the concession of defense counsel in his summation, defendant on his case produced a witness who testified that the bags contained heroin and that he had pleaded guilty to a charge of possession of heroin. This testimony was designed to support defendant's only defense, to wit, that it was another, not he, who possessed the drugs. Defense counsel isolated the sole issue for the jury when he said in his summation:
The State has proven through its chemist that one of those envelopes, the one that was tested, contained a quantity of heroin. But what the State must prove to each and every one of you beyond a reasonable doubt is that Lester Mack had that envelope in his possession, that he was exercising control over the envelope, dominion and control at a given period of time.
After urging the jury that defendant and his witness could be believed because their arrest gave them reason to remember, and reminding the jury that the witness had "pleaded guilty to this charge and he has been sentenced," the attorney for defendant concluded his summation by defining that which defendant wanted the jury to consider:
I asked you in the beginning to listen to all the testimony, and I know you have all day today. I ask you now to listen carefully to the charge of the Court and then determine: Has the State proven to you, to each and every one of you, to an abiding conviction to a moral certainty that this defendant possessed those bags of heroin on the date in question? * * * [Emphasis added]
*546 To fault the trial judge for his charge in these circumstances would amount to an exalting of form over substance and a triumph of tactics over truth. As long ago as Engle v. State, 50 N.J.L. 272, 274 (Sup. Ct. 1888), the duty of the jury in a criminal case was described to be the determination of disputed questions of fact. The removal from jury consideration of undisputed questions of fact was approved in State v. Byra, 128 N.J.L. 429 (Sup. Ct. 1942), aff'd 129 N.J.L. 384 (E. & A. 1943), cert. den. 324 U.S. 884, 65 S.Ct. 1025, 89 L.Ed. 1434 (1945), where it was said:
* * * All the testimony as to the corpus delicti was in accord and undenied. The plaintiff in error testified as a witness, but wholly as to his own actions and absence from the place of the crime. The argument now made is that the plea of not guilty "was a dispute of the state's charge." But the judge was discussing, not the plea, but the evidence: and on the evidence, the principal dispute, if not the only one, was as to whether the plaintiff in error was a participant in the two crimes charged in the indictment. [at 433]
Contrast State v. Craig, 9 N.J. Super. 18, 24-25 (App. Div. 1950).
We see no reason why a presentation should be cluttered  and misdirection encouraged  by limiting the right of the trial judge to remove from jury consideration factual issues about which there could be no real dispute and concerning which there has been an intentional and distinct concession. While the careful exercise of discretion by the trial judge is essential in any given case, where indicated that discretion can be exercised in the direction suggested without impairment to the viable rule that the State bears the burden of proof beyond a reasonable doubt as to all material elements of the crime. The simple rationale is that with respect to conceded facts that burden has been unimpeachably borne by the time the case is submitted to the jury. In such circumstances, as here, due process for the defendant and fair play for all remain untainted.
Affirmed.