125 N.J. Super. 344 (1973)
311 A.2d 14
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1973.
Decided October 26, 1973.
*346 Before Judges COLLESTER, LYNCH and MEHLER.
Mr. James J. Lee, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by MEHLER, J.A.D.
Defendant appeals from his convictions on a two-count indictment. Count 1 charged him with the possession of heroin. Count 2 charged him with possession of a revolver, contrary to N.J.S.A. 2A:151-41. He urges a number of grounds for reversal and also contends that his sentence was excessive. The main thrust of his appeal is directed against his conviction on the gun charge.
*347 The jury was justified in finding from the evidence as follows:
Two Newark detectives accompanied one Meyers to his third-floor apartment so he could produce his driver's license and registration. Before defendant opened the door from the inside of the apartment, a detective on the street saw him push out a window screen, extend his hand holding a gun and place it and a package on the ledge. Upon investigation, the package was found to contain 74 small glassene envelopes and three tin foils of a loose white powder. Analysis of the contents of one of the glassene envelopes and of one of the tin foils showed they contained heroin.
Defendant contends that his motion for judgment of acquittal on the gun charge should have been granted because the State failed to prove that the weapon was in a public place. This contention is without merit. Possession in a public place is not required to establish a violation of that portion of the statute which prohibits one from possessing a revolver without first having obtained a permit. N.J.S.A. 2A:151-41 provides, in pertinent part, as follows:
Except as hereinafter provided, any person who carries, holds or possesses in any automobile, carriage, motorcycle or other vehicle, or on or about his clothes or person, or otherwise in his possession, or in his possession or under his control in any public place or public area:
a. A pistol or revolver without first having obtained a permit to carry the same in accordance with the provisions of this chapter; * * * is guilty of a high misdemeanor.
The position of a comma in the phrase "or otherwise in his possession, or in his possession or under his control in any public place or public area" makes it plain that, subject to the exemptions enumerated in N.J.S.A. 2A:151-42, a violation is committed by the carrying of a firearm without a permit in any place, private or public. This construction is borne out by section 2C-39-3(g) of the proposed New Jersey Penal Code, which provides that any person who, unless licensed to do so. Knowingly has in his possession any firearm or weapon, *348 is guilty of a crime. The Commission's commentary to this section states that this provision carries forward the policy of N.J.S.A. 2A:151-41 and 62.
A legislative history of the statute also supports our view. Section 41 was enacted in its present form in 1966 (L. 1966, c. 60, § 32) eliminating the requirement that proscribed weapons need to be concealed. Prior thereto section 41, as it was amended in 1960 (L. 1960, c. 26, § 1) did not restrict the unlawful possession of firearms to public places. It provided, in pertinent part, that "any person who carries in any automobile, carriage, motor cycle or other vehicle, or concealed on or about his clothes or person, or otherwise concealed in his possession: a. a pistol, revolver or other firearm * * * is guilty of a misdemeanor."
In light of the proliferation of guns and the crimes that have followed in their wake in recent years, the Legislature could not have intended by the 1966 amendment to have restricted the area in which it is unlawful to possess a firearm. It is likely that the addition of the phrase "public place or public area" was intended to make it clear that possession was prohibited there as well as in private.
Since it was not necessary that the State prove that defendant possessed the gun in a public place, the court did not err in denying the motion for judgment of acquittal on that ground.
Defendant next contends that the trial judge erred in his charge to the jury and argues that his supplemental charge was not sufficient to cure the error. The judge not only charged the elements of section 41 but, referring to them by their titles, also charged the substance of N.J.S.A. 2A:151-5, 8 and 42 which had no relevance or place in the case. He told the jury that certain persons are forbidden to have guns under any circumstances and that N.J.S.A. 2A:151-8 provides that any person convicted of any crime enumerated in N.J.S.A. 2A:151-5, whether or not [sic] armed with a firearm, is guilty of a crime. The jury was then told that *349 there was testimony defendant had been convicted of several crimes which fell within the provisions of N.J.S.A. 2A: 151-5, and that the cited sections applied to the gun charge.
At the conclusion of the charge, defendant's counsel objected to the foregoing portions and asked for a mistrial, which was denied.
The judge then gave the jury further instructions. The pertinent provisions of section 41 were once again read. The jury was then told to disregard N.J.S.A. 2A:151-42, 2A:151-8 and 2A:151-5,  that those statutes might be more confusing than helpful. The reference was not to the substance but to the title, chapter and sections of the statutes. The judge asked the jury to assume those statutes had no bearing on the case and that the only statute with which the jury was concerned was whether or not defendant possessed a revolver without a permit in a public place.
The curative instructions were insufficient to remove the objectionable references to N.J.S.A. 2A:151-5 and 8. (Reference to section 42 was harmless.) Cf. State v. Bankston, 63 N.J. 263, 272 (1973). Since sections 5 and 8 had no place in the case and could lead to harm, the jury should have been instructed in strong language that the statutes were not to be considered in reaching a determination. As we have noted above, the judge merely asked the jury to assume that the statutes had no bearing on the case and, by indicating that they might be more confusing than helpful, he in effect indicated that it was the confusion rather than the irrelevance that caused him to instruct the jury further as he did. Moreover, it is difficult to see how an untutored jury hearing statutes referred to only by their title, chapter and section numbers could be sure to know exactly what the judge had in mind in his second charge.
The error was not harmless. While it is true that the only objection made by defendant's counsel to the supplemental charge dealt with counsel's conception of what was a public place, there was a real possibility that the error led to an unjust *350 verdict on the gun charge. See Bankston, supra, at 273. The only witness who testified that defendant placed the gun on the window sill was a detective. As against this was the testimony of defendant, who denied that he had done so. There was not adequately removed from the balance the essential elements of irrelevant statutes which had a reasonable possibility of contributing to the conviction on the gun count. The conviction on this count must accordingly be reversed. In view of this, we find it unnecessary to discuss defendant's contention that the judge committed reversible error in not granting a mistrial as to count 2 of the indictment.
Defendant challenges a statement in the charge to the jury that "an indictment, far from being a mere allegation, constitutes a finding by a Grand Jury that a basis exists for subjecting the accused to a trial, to a trial before a jury such as you." He claims that this implied a determination had already been made that defendant is probably guilty. While the challenged statement was unnecessarily included in the charge, we are satisfied defendant was not prejudiced thereby. In the course of his instructions the judge had correctly informed the jury that an indictment is not proof of any of the allegations therein contained and that the indictment had no evidential value whatever. It has been repeatedly held that portions of a charge alleged to be erroneous cannot be dealt with in isolation but the charge should be examined as a whole to determine its overall effect. State v. Wilbely, 63 N.J. 420 (1973). Reading the charge as a whole, we are satisfied that the jury was not misled.
In the course of his summation the assistant prosecutor referred to various convictions of defendant to which he had testified. Defendant contends these remarks were improper and were a deliberate attempt to prejudice the jury. However, since the assistant prosecutor also said, and the court charged the jury, that evidence of previous convictions could only be considered for the purpose of affecting defendant's *351 credibility as a witness, the remarks did not constitute prejudicial error. State v. Sinclair, 57 N.J. 56 (1970); State v. Knight, 63 N.J. 187 (1973).
Defendant raises as plain error a contention that when the judge ordered a remark made by the assistant prosecutor concerning defendant's prior convictions stricken from the record, he should have instructed the jury on the meaning of something being struck from the record. As the court said in State v. Anderson, 35 N.J. 472, 489-490 (1961), concerning a similar objection, "the criticism is miniscule."
Defendant was sentenced to concurrent prison terms of 3-5 years on each of the counts. He contends that his sentence is manifestly excessive. Upon a consideration of the record, the presentence report, the argument of counsel and all relevant factors, including the duty of an appellate court in reviewing a sentence, we are satisfied that the sentencing judge did not abuse his discretion in imposing a sentence of 3-5 years on the narcotics charge and that that sentence is not manifestly excessive.
The conviction and sentence on count 1 are affirmed; the conviction on count 2 is reversed and remanded for a new trial.
COLLESTER, P.J.A.D., (Dissenting, in part.)
I agree with the majority opinion in all respects with one exception. I do not agree with the conclusion that the conviction for unlawful possession of a gun should be reversed because the supplemental charge did not sufficiently correct the erroneous instructions in the main charge.
As noted in the majority opinion, after the judge instructed the jury to disregard the statutes erroneously charged he then recharged the elements of N.J.S.A. 2A:151-41 and told the jury that was the only statute with which it was concerned. It should be assumed that the jurors followed the judge's supplemental instructions. State v. Begyn, 58 N.J. Super. 185, 195 (App. Div. 1959), aff'd 34 N.J. 35 (1961).
*352 Moreover, no objection to the supplemental charge on the ground that it was unclear or confusing was made by defense counsel. Thus, the issue is whether the plain error rule, R. 2:10-2, should be invoked. It is fundamental in our practice that a claim of error which could have been raised at trial will not be dealt with as would be a timely challenge and except in extraordinary circumstances will not be entertained on appeal unless it is perfectly clear that there actually was error. State v. Macon, 57 N.J. 325, 333, 273 A.2d 1 (1971).
I do not believe the jury was misled once the curative instructions were given. In my opinion there is no basis to invoke the plain error rule in this case. I would affirm the judgment of conviction for unlawful possession of the gun.