STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM E. JONES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 19, 1974—Decided April 9, 1974.

Before Judges KOLOVSKY, FRITZ and CRANE.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Edward J. Dimon,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey, and *Mr. Richard W. Berg,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. On June 18, 1972 the Chief of Police of Pennsauken Township was in a fruit market for the purpose of making a purchase when he observed two men leading the store manager from the counters to the cashier's office. One of the men had an arm around the manager's neck, and a revolver in his other hand was "in the [manager's] back." The second man, defendant Jones, also holding a revolver, was to the manager's right.

The chief, drawing his own revolver, was able to effectuate the arrest of both men. A third armed robber, who was in the process of taking money from the cashiers, escaped.

The incident resulted in the return of indictments charging the two men with a variety of offenses. Defendant was brought to trial before a jury on counts charging (1)

assault with intent to commit robbery (*N. J. S. A.* 2A: 90–2), (2) while armed (*N. J. S. A.* 2A:151–5), (3) unlawfully carrying a revolver after having been previously convicted of robbery (*N. J. S. A.* 2A:151–8), (4) attempted robbery (*N. J. S. A.* 2A:141–1 and 2A:85–5), (5) while armed (*N. J. S. A.* 2A:151–5), (6) carrying a firearm without a permit (*N. J. S. A.* 2A:151–41) and (7) receiving stolen goods, the revolver in his possession (*N. J. S. A.* 2A:139–1).

The jury found defendant guilty on all counts except the count charging him with receiving stolen goods, as to which he was found not guilty. The trial judge thereafter ruled that the counts charging attempted robbery while armed and the count charging possession of a revolver without a permit were lesser offenses included within the offenses of assault with intent to commit robbery while armed and so merged into the latter offenses. It thereupon molded the verdict of the jury "to a judgment of conviction" on the three counts charging (1) assault with intent to commit robbery (2) while armed and (3) possession of a firearm after having previously been convicted of robbery.

The several other counts of the indictments returned against defendant by reason of the June 18, 1972 incident were dismissed by the judge on the prosecutor's motion.

On May 14, 1973 defendant was sentenced to State Prison for consecutive terms of (1) 11 to 12 years for the assault with intent to commit robbery, (2) 9 to 10 years for being armed while committing that assault, and (3) 2 to 3 years for his possession of a revolver after having previously been convicted of robbery.

█ █ Defendant appeals, arguing two points for reversal. His first contention — as to which he asks us to invoke the plain error rule since the point was not raised in the trial court — is that the judge erred in not severing the charge of possession of a revolver after having previously been convicted of robbery. He argues that proof of the prior conviction, in a case where the defendant did not

take the stand, "would taint the jury's objectivity with regard to the * * * other charges."

We find no basis for reversal in defendant's argument. The joinder of the several counts for trial was authorized. *R.* 3:7–6. A defendant may, of course, move for a severance on a showing of prejudice from the joinder. *R.* 3:15–2(b). However, where, as here, there has been a "trial of several charges without objection, it takes a strong showing of probable prejudice in fact to warrant a finding of 'plain error.'" *State v. Baker,* 49 *N. J.* 103, 105 (1967), *cert.* den. 389 *U. S.* 868, 88 *S. Ct.* 141, 19 *L. Ed.* 2d 144 (1967).

Defendant has failed to make a "showing of probable prejudice in fact." Indeed — even disregarding the overwhelming proof of defendant's guilt — we are satisfied that any possibility of prejudice was eliminated by the instructions given by the judge to the jury, both when the evidence of the prior conviction was offered and in his charge at the end of the case, as to the limited purpose for which the evidence of the prior conviction could be considered.

 Defendant's second contention is that the sentences imposed were manifestly excessive and constituted an abuse of discretion. However, we conclude from our review of the record and defendant's presentence report that in view of the circumstances of the offense and defendant's imposing prior criminal record, no abuse of discretion has been shown. *Cf. State v. Tyson,* 43 *N. J.* 411, 417 (1964), *cert.* den. 380 *U. S.* 987, 85 *S. Ct.* 1359, 14 *L. Ed.* 2d 279 (1965).

The judgment is affirmed.