155 N.J. Super. 549 (1978)
383 A.2d 122
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT WRIGHT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 1978.
Decided January 20, 1978.
*550 Before Judges LYNCH, BISCHOFF and KOLE.
*551 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Ellen Shiever, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert A. Jacobson, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was convicted by a jury of second degree murder (N.J.S.A. 2A:113-1 and 113-2), possession of a pistol without a permit (N.J.S.A. 2A:151-41)[1] and possession of a firearm after having been convicted of the crime of atrocious assault and battery (N.J.S.A. 2A:151-8). He was sentenced to State Prison as follows: 10-12 years for second degree murder, a consecutive term of 2-3 years for possessing a firearm after having been convicted of atrocious assault and battery and a concurrent term of 2-3 years for possessing a pistol without having obtained the requisite permit. The aggregate sentence imposed was thus 12-15 years. Defendant appeals.
The victim of the murder was Hosea Flagg. From the evidence a jury could properly find beyond a reasonable doubt that, contrary to defendant's wishes, Flagg was visiting defendant's wife and children; that defendant shot and killed Flagg, and that the immediate incident that precipitated the shooting was an argument during which defendant told Flagg to stay away from his family and Flagg's response thereto. There was evidence that on prior occasions defendant had advised Flagg to stay away from his wife and family, and that Flagg claimed to be the father of two children by defendant's wife. In his opening to the jury defendant's *552 counsel stated that the jury would "hear testimony that [defendant] has a prior record for [an] offense * * * relating to * * * Flagg. * * * It was an atrocious assault and battery"; and that on that occasion Flagg had gone to defendant's home and informed defendant that he, Flagg, was the father of two of the children that defendant was taking care of, and as a result "there was a struggle and a fight, and * * * Flagg was stabbed". Defendant's basic claim during the trial was that the shooting occurred in response to an attempted attack upon him by Flagg with a knife.
Defendant contends that at the conclusion of the State's case, a judgment of acquittal should have been entered as to the count charging him with possession of a firearm after having been convicted of atrocious assault and battery. No motion for such a judgment was made below. Thus, the matter is raised as plain error.
The State did not produce evidence during its case that defendant had been convicted of atrocious assault and battery against Flagg before he possessed the firearms here involved. Ordinarily, such omission would justify an acquittal of a charge of violating N.J.S.A. 2A:151-8. That statute provides that any person who has been convicted of a crime such as assault is guilty of a misdemeanor if he owns, possesses or controls any firearm. However, in his opening defense counsel conceded that, prior to the killing of Flagg, defendant had a record of the offense of committing an atrocious assault and battery against Flagg. That admission obviated the necessity for the State to have proven defendant's conviction of that crime during its case. Hence, a judgment of acquittal with respect to a violation of N.J.S.A. 2A:151-8 was not warranted at the end of the State's case; and the failure of the trial judge on its own motion to enter such a judgment was neither error nor plain error. See United States v. Conversano, 412 F.2d 1143, 1148-1149 (3 Cir.1969), cert. den. 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969); State v. Mack, 131 N.J. Super. 542, 545-546 (App. Div. 1974); State v. Slocum, 130 N.J. *553 Super. 358, 365 (App. Div. 1974). See also, State v. Macon, 57 N.J. 325 (1971); State v. Carl Cole, 154 N.J. Super. 138 (App. Div. 1977); State v. Jones, 142 N.J. Super. 40 (App. Div. 1974).[2]
It is claimed, as plain error, that the charge on provocation that would reduce the crime from murder to manslaughter was erroneous because it failed to include the course of conduct of the victim toward defendant as "a basis for reasonable provocation." From our review of the charge, in the light of the proofs, we are satisfied that this claim is plainly without merit. R. 2:11-3(e) (2).
Defendant further contends, again as a matter of plain error, that his conviction under N.J.S.A. 2A:151-8, which charged possession of a firearm by a convicted felon[3] should merge with his conviction under N.J.S.A. 2A:151-41(a), which charged carrying a pistol, the same firearm, without having first obtained a permit. He relies on the fact that the evidence demonstrated only one instance of possession and that this single transaction should not be used to support two separate convictions.
We have concluded that the convictions for these offenses do not merge.
There is a strong legislative policy in this State with respect to gun control, designed to protect the public, which places restrictions on those who may carry such weapons and is intended to prevent criminal and other unfit elements from acquiring and possessing them. State v. Hatch, 64 N.J. 179 (1973); Siccardi v. State, 59 N.J. 545 (1971); Burton v. Sills, 53 N.J. 86 (1968), app. dism. 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969). See also, State v. Repp, 69 N.J. 222 (1976); State v. Riley, 69 N.J. 217 *554 (1976). In view of this policy, we are satisfied that the Legislature plainly intended that there be no merger of a conviction for an offense under N.J.S.A. 2A:151-8, a misdemeanor, with one under N.J.S.A. 2A:151-41(a), a high misdemeanor. The two statutory provisions were intended to permit prosecution and punishment for two separate offenses; the proofs necessary for each offense differ; and in no sense can one of them be said to be a lesser included offense of the other. See State v. Middleton, 143 N.J. Super. 18 (App. Div. 1976), aff'd 75 N.J. 47 (1977); State v. Ruiz, 68 N.J. 54, 58 (1975); State v. Davis, 68 N.J. 69 (1975). See also, State v. Moran, 73 N.J. 79 (1977); State v. Milligan, 71 N.J. 373, 394-395 (1976); State v. Best, 70 N.J. 56, 66-67 (1976); State v. Pratts, 145 N.J. Super. 79, 94 (App. Div. 1975), aff'd 71 N.J. 399 (1976); State v. Johnson, 125 N.J. Super. 344 (App. Div. 1973), mod. 65 N.J. 388 (1974).
N.J.S.A. 2A:151-41(a) makes it a high misdemeanor to possess or carry a pistol or revolver without a permit in any place, public or private, subject to the exceptions specified in N.J.S.A. 2A:151-42. State v. Johnson, 65 N.J. 388, 391 (1974). One of these exceptions is the possession or carrying of such a weapon in one's dwelling or place of business. N.J.S.A. 2A:151-42(a). A person convicted of a crime, however, cannot obtain a permit to carry such weapon. N.J.S.A. 2A:151-44. If the crime of which he has been convicted is one covered by N.J.S.A. 2A:151-8, he also may not possess such weapon in any place, even his dwelling or place of business.
N.J.S.A. 2A:151-41(a) and N.J.S.A. 2A:151-8 were designed to provide for two distinct possessory crimes in the sensitive area of gun control. In order to deter a person convicted of a crime covered by N.J.S.A. 2A:151-8, who should not be allowed to possess guns at any time or any place, and who in no event may obtain the permit to carry required by N.J.S.A. 2A:151-41(a), the Legislature provided for a separate conviction and enhanced penalty if he *555 is found guilty of possession of any such weapon. He thus may be convicted of, and sentenced for, a violation of not only N.J.S.A. 2A:151-41(a)  possession without a permit  but also N.J.S.A. 2A:151-8. The additional penalty under N.J.S.A. 2A:151-8 may either be concurrent with, or consecutive to, that for the conviction under N.J.S.A. 2A:151-41(a). See State v. Jones, 66 N.J. 563 (1975). The Legislature could not have intended that a convicted felon who possesses or carries an operable gun in a place not excepted from the permit requirements of N.J.S.A. 2A:151-41(a), be treated the same as a defendant who is not such a felon  a result which would flow from merging convictions under that provision and N.J.S.A. 2A:151-8.
The conclusion we have reached, gives "primary consideration * * * to factors of fairness and fulfillment of reasonable expectations" and, in the light of statutory policy, does not constitute double punishment for the same wrongdoing. State v. Best, supra 70 N.J. at 62, 68-71.
Defendant claims that the sentences imposed were manifestly excessive. From our review of the record, including the sentence proceedings, the reasons given by the judge for the sentences, the nature of the offenses and the presentence report, we are satisfied that the judge did not abuse his discretion. The sentences are neither manifestly excessive nor unduly punitive. See State v. Dunbar, 69 N.J. 333 (1976).
Affirmed.
NOTES
[1] He was charged with possession of two pistols without a permit, but the court merged the two offenses so that there is only one conviction for violating N.J.S.A. 2A:151-41  actually N.J.S.A. 2A:151-41(a).
[2] When he took the stand defendant also admitted the prior conviction; but this, of course, could not cure any deficiency in the State's case.
[3] The term "felon" is here used as including those who commit the kind of offenses covered by N.J.S.A. 2A:151-8.