CROSSROADS GUN SHOP, A SOLE PROPRIETORSHIP OPERATED BY RAYMOND SCHNEIDER, PLAINTIFF, v. W. CAREY EDWARDS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided November 7, 1986.

*Timothy J.P. Quinlan,* for plaintiff.

*Sheree E. Rheinhardt,* for defendant.

HYLAND, J.S.C.

Plaintiff Raymond Schneider is a licensed gun retailer doing business as "Crossroads Gun Shop" in Pennsauken, New Jersey. On or about November 1, 1985 Schneider began the operation of a pistol target range immediately adjacent to his gun shop. For a fee, plaintiff would allow certain individuals to rent pistols from him and fire them on the range, regardless of whether these customers had valid firearm purchaser permits under *N.J.S.A.* 2C:58–3a. Subsequently, state police officers visited the premises and advised Schneider that this practice was illegal and should terminate. In response, plaintiff has filed this declaratory judgment action for a construction of the statute and the Attorney General has now made a motion for summary judgment which is presently before the court.

In response to the motion, plaintiff has set forth what he considers elaborate procedures to ensure the safety of the range and its users. Before a person was allowed to fire one of the leased handguns at the range, they were required to surrender their driver's license to the clerk, fill out a registration form which was kept in plaintiff's file, and after paying the fee, they were escorted by one of the clerks to the range at a location reserved for customers firing weapons owned by plaintiff. The weapon was carried to the range by the clerk in a sealed bag and then given to the customer who fired it only under the direct supervision of a range master certified by the National Rifle Association as a basic firearms education instructor. When the customer finished firing, the range master cleared the weapon and returned it to the sealed bag. The customer could not recover his driver's license until all matters were concluded. At no time did the weapon leave the premises. Plaintiff stresses that the customer was never allowed to have unsupervised custody of the weapon.

Although the State does not dispute these facts, it argues that plaintiff's range activities clearly violate *N.J.S.A.* 2C:58–3a, which provides:

... No person shall sell, give, transfer, assign or otherwise *dispose of,* nor receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section. [Emphasis supplied]

*N.J.S.A.* 2C:39–1d defines "dispose of" as:

... to give, give away, *lease, loan,* keep for sale, offer, offer for sale, sell, transfer, or otherwise transfer possession. [Emphasis supplied]

There is no basis for plaintiff to argue that these sections are ambiguous. Furthermore, public policy considerations articulated over many years dictate no liberality in the construction of these statutes. *See Service Armament Co. v. Hyland Co.,* 70 *N.J.* 550, 559 (1976), *State v. Hatch,* 64 *N.J.* 179, 184–186 (1973) and *State v. Wright,* 155 *N.J.Super.* 549, 553 (App.Div. 1978).

In conducting this target range activity, plaintiff does "dispose of" the handguns as that phrase is defined in the statute and as most recently interpreted by our Supreme Court. In *State v. Rovito,* 99 *N.J.* 581 (1985) defendant police officer removed his service revolver at a social gathering and asked if anyone wanted to play Russian roulette. The victim (Gonzalez) picked up the gun and pulled the trigger, fatally wounding himself. The Court stated, "Nonetheless, it is apparent that the Legislature intended to give wide scope to the phrase 'dispose of.' Common usage and dictionary definitions support the conclusion that the defendant offered, transferred or otherwise transferred possession to Gonzalez." *Id.* 584–585. Plaintiff's argument that the subject activity is not covered by the statute is totally without merit.

Accordingly, there being no dispute as to the facts, and the enforcement activities of the state police being eminently correct, summary judgment is entered in favor of the State of New Jersey.