8 A.3d 256 (2010)
417 N.J. Super. 34
STATE of New Jersey, Plaintiff-Respondent,
v.
Bernard E. LOPEZ, Defendant-Appellant.
No. A-4118-08T4.
Superior Court of New Jersey, Appellate Division.
Submitted November 29, 2010.
Decided December 9, 2010.
*257 Yvonne Smith Segars, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).
Bruce J. Kaplan, Middlesex County Prosecutor, attorney for respondent (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief).
Before Judges LISA, REISNER and ALVAREZ.
The opinion of the court was delivered by
REISNER, J.A.D.
Defendant Bernard E. Lopez was convicted of unlawful possession of a weapon, N.J.S.A. 2C:39-5b. Immediately thereafter, a second trial was conducted and the same jury convicted defendant of possession of a firearm by a convicted felon, N.J.S.A. 2C:39-7b.[1] The court sentenced defendant to three years in prison for weapons possession and, stating that a consecutive sentence was required, imposed a consecutive sentence of five years without parole on the certain persons conviction. Defendant appeals from the convictions and the sentence.
Because the trial court erroneously barred defendant from testifying in the second trial, thus depriving him of a fundamental constitutional right, we reverse the certain persons conviction, vacate the five-year sentence imposed and remand for a new trial on that charge. We affirm the weapons possession conviction and the three-year sentence imposed on that conviction.[2]

I
This case arose out of several confrontations between groups of young people. *258 The series of incidents began on the night of August 25, 2006, and continued into the early morning hours of the next day. The first incident occurred at a nightclub, the second happened outside a White Castle restaurant, and the third took place outside a Quick Chek store. The State presented evidence that during the second confrontation, defendant slapped two women. During the third incident, outside the Quick Chek store, defendant got out of his car and told the brother of one of the women that he wanted to apologize for slapping his sister. However, as he was expressing his interest in apologizing, defendant held a gun and waved it around as he spoke. Three eyewitnesses testified to seeing defendant in possession of the gun during this incident.
In a pre-trial hearing, the trial judge ruled that the evidence that defendant slapped the two women would be admitted at the trial. The judge agreed with the State that the evidence was relevant to show defendant's motive for bringing a gun to the third gathering, at which he knew the victims' friends would be present. However, the judge indicated that he would give a limiting instruction that the jury could only consider that evidence as bearing on defendant's possible motive for possessing a gun during the third incident. Accordingly, immediately after the prosecutor mentioned the slapping incidents in his opening statement, the judge thoroughly instructed the jury as to the limited purpose for which they could consider the information. The judge repeated the limiting instructions in his final charge to the jury.
The only issue in the weapons possession trial was whether defendant possessed a handgun during the incident at the Quick Chek store. Defendant waived his right to testify at that trial after the judge advised him that, if he testified, he could be cross-examined about his prior criminal convictions.
Prior to the second trial, on the certain persons charge, defense counsel asked the judge whether defendant would be permitted to testify in his own defense during that trial. The judge stated that defendant would not be permitted to testify in the second trial. Before having any other discussion with counsel on this subject, the judge told the jury, which had just returned a guilty verdict on the weapons possession charge, "we have an additional charge for you to consider ... [a]nd there will be no testimony." The attorneys then presented brief opening statements and the judge charged the jury and sent them to deliberate on the certain persons charge.
After the jury indicated that it had reached a verdict, but before the verdict was announced, the prosecutor asked the judge to reconsider his earlier ruling that defendant could not testify. The judge declined, stating definitively that defendant did not have a right to testify because "he already gave that right up" when he declined to testify about the weapons possession charge. The judge therefore refused the prosecutor's suggestion that he re-open the record to give defendant the opportunity to testify if he wished to do so.

II
Few principles are more fundamental than a criminal defendant's right to testify in his own defense:
In our view, the right to testify is essential to our state-based concept of due process of law, which guarantees a "fair and impartial trial in which there is a legitimate and decorous recognition of the substantive rights of the defendant." The right is also implicit in our state constitutional guarantee for a criminal defendant "to have compulsory process *259 for calling witnesses in his [or her] favor." We therefore hold today that a criminal defendant is entitled to testify on his or her own behalf under Article I, paragraphs 1 and 10 of our State Constitution.
[State v. Savage, 120 N.J. 594, 628, 577 A.2d 455 (1990) (citations omitted).]
In order to waive the right to testify, a criminal defendant must be aware of the right and must make a knowing decision to give it up. See State v. Ball, 381 N.J.Super. 545, 556, 887 A.2d 174 (App.Div.2005). As occurred here in the weapons possession trial, it is the better practice for the court to determine on the record whether a defendant wishes to testify or to waive that right:
[W]hen a defendant is represented by counsel, the court need not engage in a voir dire on the record to establish defendant's waiver. Nevertheless, we advised that "the better practice [is] for a trial court to inquire of counsel whether he or she has advised a defendant ... of his or her right to testify." Or, alternatively, to advise defendant directly.
[Ibid. (citations omitted).]
The court did not follow any of those recommended steps in the second trial, because the judge was of the mistaken view that defendant had no right to testify. Instead, the judge preempted defendant from deciding whether to invoke or waive his right to testify, by definitively ruling that defendant could not testify as soon as defense counsel inquired whether his client had that right. This ruling was apparently premised on the judge's view that the trial on the certain persons charge was merely the second phase of the first trial, and that defendant's waiver of the right to testify in the first phase carried over to the second phase. That view was erroneous. Although it was heard by the same jury, the second proceeding was a separate trial, in which defendant retained all of his constitutional due process rights, including the right to testify.
When a criminal defendant is charged with both unlawful possession of a weapon and possession of a weapon by a convicted felon, the two charges must be tried separately because evidence of a prior criminal record, which is necessary for a certain persons conviction, would have the tendency to prejudice the jury in considering whether defendant unlawfully possessed a weapon. State v. Ragland, 105 N.J. 189, 193, 519 A.2d 1361 (1986). Likewise, a defendant may decide not to testify in the unlawful possession trial to prevent the introduction of evidence of his prior criminal record. However, during the certain persons trial, this concern is lessened since evidence of a criminal record is a necessary element of the crime. Therefore, a criminal defendant who declines to testify in the first trial might decide to testify in the second trial and has the right to do so.
A certain persons trial is not simply the continuation of the unlawful possession trial. The proceedings are two separate trials which may, but need not, be conducted before different juries. Id. at 194-96, 519 A.2d 1361. The second trial is a "`"new" trial[;] the defendant is entitled to the presumption of innocence and, as a consequence of that, to an instruction that each and every material fact that makes up the crime, including obviously the fact of possession, must be proven by the State beyond a reasonable doubt.'" State v. Wray, 336 N.J.Super. 205, 212, 764 A.2d 467 (App.Div.) (quoting Ragland, supra, 105 N.J. at 195, 519 A.2d 1361), certif. denied, 168 N.J. 290, 773 A.2d 1154 (2001). Consequently, a waiver of the right to testify in the unlawful possession trial does not constitute a waiver of the right to testify in *260 a later trial on a separate charge. Because defendant was not given the opportunity to exercise his right to testify at the second trial, we reverse the certain persons conviction, vacate the five-year sentence and remand for a new trial on that charge.
We reach a different conclusion with respect to the conviction on weapons possession. Relying on N.J.R.E. 404(b), defendant contends that the State should not have been permitted to introduce evidence that he slapped two women outside the White Castle. We review the trial judge's ruling for abuse of discretion, and we find none here. See State v. Boratto, 80 N.J. 506, 525, 404 A.2d 604 (1979). We agree with the judge that the evidence was relevant to show defendant's motive for later bringing the gun to the Quick Chek, where he expected to encounter the women's angry friends. See N.J.R.E. 404(b)(evidence of other crimes, wrongs or acts admissible as "proof of motive"). Moreover, the judge gave the jury thorough and correct limiting instructions concerning this evidence. See Boratto, supra, 80 N.J. at 525, 404 A.2d 604. We therefore affirm the weapons possession conviction and the three-year sentence.
Affirmed in part, reversed and remanded in part.
NOTES
[1] This offense is also known generally as "certain persons not to have weapons" or "certain persons."
[2] To briefly address two sentencing issues defendant raised on this appeal, in the event defendant is once again convicted of the certain persons offense, that conviction will not merge with the weapons possession conviction. State v. Wright, 155 N.J.Super. 549, 553-55, 383 A.2d 122 (App.Div.1978). However, as the State concedes on this appeal, there is no statutory mandate that the court impose a consecutive sentence for a certain persons conviction.