# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2422-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAQUAY J. GIBBS, a/k/a
LAQUAY LIVINGSTON,
KEVIN PERRY, JOHN
GIBBS and KEVIN GIBBS,

    Defendant-Appellant.

_____

Submitted September 16, 2019 – Decided  November 19, 2019

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 14-10-2966.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Laquay J. Gibbs appeals from the denial of his post-conviction relief (PCR) petition without an evidentiary hearing. He argues on appeal:

> POINT I
>
> DEFENDANT'S CLAIMS THAT HIS PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE TO DISMISS THE INDICTMENT AND FOR FAILING TO MAKE ANY ARGUMENT IN MITIGATION OF SENTENCE WERE PRIMA FACIE CLAIMS WHICH ENTITLED HIM TO POST-CONVICTION RELIEF, OR IN THE ALTERNATIVE TO AN EVIDENTIARY HEARING.
>
> POINT II
>
> APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO NOTICE AND RAISE ON DIRECT APPEAL THE TRIAL COURT'S FAILURE TO AFFORD DEFENDANT HIS RIGHT OF ALLOCUTION.

We are unpersuaded by either contention and affirm.

Absent an evidentiary hearing, our review of the factual inferences drawn from the record by the PCR court is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

We previously addressed defendant's direct appeal involving the trial court's denial of his motion to suppress evidence. State v. Gibbs, No. A-

004461-14 (App. Div. March 1, 2017) (slip. op. at 1). There we set forth the salient facts of this case that we will not repeat here unless they are germane to this appeal. Suffice it to say, as set forth in defendant's merits brief, the victim, A.R., reported to police that three days prior "a black male, about 5'9" [tall], very well[-]built, with a dark complexion[,]" "injected her with heroin and repeatedly sexually assaulted her, and at one point[,] held a black gun to her head" in Room 311 of a hotel which she named. The State alleged defendant threatened to shoot A.R. if she left the room. When police went to Room 311, they found defendant in the presence of two other females. They also recovered folds of heroin and a black and gray handgun.

Defendant first contends his trial counsel was ineffective because he failed to move to dismiss the indictment returned by the grand jury charging him with: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7) (count one), third-degree unlawful possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count two), third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (count three), second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count five), fourth-degree unlawful possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count six), second-degree possession of

a weapon during a drug offense, N.J.S.A. 2C:39-4.1 (count seven), third-degree terroristic threats, N.J.S.A. 2C:12-3(a) (count eight), fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count nine), fourth-degree possession of prohibited bullets, N.J.S.A. 2C:39-3(f) (count ten) and second-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(b)(1) (count eleven).

Defendant avers a motion to dismiss the indictment would have been granted—satisfying his burden to show that the proposed motion would have been successful if filed, see State v. Fisher, 156 N.J. 494, 501 (1998)—because the assistant prosecutor: "misled the grand jury by having the witness agree to his conclusion that the gun seized matched the description of the weapon given by A.R." even though the descriptions did not match; "improperly influenced the grand jury by [introducing] testimony . . . that [d]efendant was engaged in the promotion of prostitution or human trafficking, when no such charges were before the grand jury"; and elicited before the grand jury testimony from the police witness that defendant admitted in his statement to the police to having sex with A.R., even though he never made such an admission to police when he gave them a statement.

"Because an indictment should only be quashed on the 'clearest and plainest grounds,' the conduct of a prosecutor should not warrant dismissal

4

unless it clearly invades the grand jury's decision-making function." State v. Laws, 262 N.J. Super. 551, 562 (App. Div. 1993) (citation omitted) (quoting State v. Dixon, 125 N.J. 223, 237 (1991)); see also State v. Hogan, 336 N.J. Super. 319, 344 (App. Div. 2010) (noting that the standard for a dismissal of an indictment for prosecutorial misconduct "can be satisfied by showing that the grand jury would have reached a different result but for the prosecutor's error."). Under that lens, we determine defendant has not demonstrated that the elicited testimony warrants dismissal of the indictment. See Laws, 262 N.J. Super at 562; Hogan, 335 N.J. Super. at 344.

Contrary to defendant's suggestion, the State never presented evidence about A.R.'s description of the gun, including the actual color of the gun, to the grand jury.[1] The police witness simply confirmed that A.R. described the gun "in relatively good detail," and that fact, in addition to her description of the perpetrator and his actions in Room 311, provided "some corroboration" of A.R.'s allegations "in some sense." Considering that defendant does not dispute he possessed the handgun and pleaded guilty to possessing the handgun as a convicted person, he has not demonstrated that the grand jury

---

[1] According to police reports, A.R. "described the gun as being black" and the weapon seized from Room 311 was "a grey semi[-]auto[matic] 9mm handgun with a black grip."

result would have been different but for the presentation of the gun-related evidence.  See Hogan, 336 N.J. Super. at 344.

The testimony about defendant's actions relating to prostitution is not argued in proper context.  The assistant prosecutor did not suggest that defendant was being charged with any crime involving prostitution or trafficking.  He told the grand jurors defendant denied being associated with prostitutes, and defendant claimed to be paying for four rooms in the hotel in order to provide protection for the women occupying them from a pedophile on premises. And before eliciting the testimony, the assistant prosecutor made clear that that, in questioning the police witness about this issue, they were "talking common terms here . . . [and] not talking specifically about this case[.]"

While the prosecutor introduced general testimony regarding how a pimp "breaks a girl," that evidence was not used to support a promoting prostitution charge; rather, it was used to demonstrate that defendant's version of events, given in his statement to police, was not credible.  Specifically, the detective's description of how a pimp breaks a girl was consistent with A.R.'s statement to the police regarding how she was lured to Atlantic City and how her relationship with defendant devolved.  In perspective, the testimony was not, as defendant argues, "confusing and prejudicial."  Moreover, the testimony had

no capacity to substantially influence the grand jury's return of the indictment, given the prosecutor's caveat to the panel. Hogan, 336 N.J. Super. at 344. Defendant has thus failed to show that a motion to dismiss the indictment because of evidence relating to the gun or prostitution evidence would have been granted. See Fisher, 156 N.J. at 501; Hogan, 366 N.J. Super. at 344.

We do agree that the assistant prosecutor elicited from the witness that defendant admitted to having sex with A.R.:

> Q. Okay, he then admits that he did have sex with one of the females . . . I don't want to say her name but is that A.R.? I'm sorry, the same female?
>
> A. I believe so.
>
> Q. She was referred to – I'll show you the reports I don't want to go ahead and say any names. Okay, I'm going to [show] you what's been marked as [S]tate's exhibit 1. And let's see here – [r]ight here. He's admitting that he had sex with at least one of the females.
>
> A. Yes.
>
> Q. Would that name there is that A.R.? Do you believe that's A.R.?
>
> A. Yes.
>
> Q. Okay and he's denying he had sex with some of these other females that he pays for the rooms and other rooms right?
>
> A. Right.

Q. So, at least he's admitting that he had sex with A.R. He doesn't admit to ever holding the gun to her head. He doesn't admit to threatening her. He doesn't' admit to shooting her up with heroin, is that correct?

A. Yes, he does not admit to any of those.

Although he admitted to having sex with the women who were present in his room when police arrested him, there is no evidence defendant admitted to having sex with A.R. The assistant prosecutor's blunder, however, had no impact on the return of the other indicted crimes; all other counts in the indictment, including aggravated sexual assault, were dismissed pursuant to the plea deal. Even if counsel moved to dismiss any charge based on the assistant prosecutor's improper elicitation of defendant's nonexistent admission, the certain persons count, to which defendant pleaded guilty, would have survived, as would have the other nine counts of the indictment related to guns and drugs.

We reject defendant's argument that the inclusion of the aggravated sexual assault count provided the State with undue leverage that the State used to obtain defendant's guilty plea. Notwithstanding the added exposure defendant faced on the aggravated sexual assault count, we are not convinced he would have rejected the State's recommended offer of a seven-year prison term with a five-year period of parole ineligibility, and dismissal of the remaining charges, even if that count was dismissed. See State v. O'Donnell,

435 N.J. Super. 351, 371 (App. Div. 2014) (holding a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.") (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Defendant's prodigious juvenile record as well as his prior adult convictions, violations of probation and imposition of a suspended sentence exposed him to a higher sentence than the seven-year midpoint term imposed. Indeed, defendant was eligible to be sentenced to an extended term as a persistent offender. N.J.S.A. 2C:44-3(a). And the five-year period of parole ineligibility was mandatory. N.J.S.A. 2C: 39-7(b). Further, defendant faced consecutive sentences if convicted of any of the other remaining counts.

In State v. Wright, 155 N.J. Super. 549, 553 (App. Div. 1978), we cited the "strong legislative policy in this State with respect to gun control, designed to protect the public, which places restrictions on those who may carry such weapons and is intended to prevent criminal and other unfit elements from acquiring and possessing them." We then stated:

> The additional penalty under N.J.S.A. 2A:151-8 may either be concurrent with, or consecutive to, that for the conviction under N.J.S.A. 2A:151-41(a). The Legislature could not have intended that a convicted felon who possesses or carries an operable gun in a place not excepted from the permit requirements of N.J.S.A. 2A:151-41(a), be treated the same as a defendant who is not such a felon—a result which

would flow from merging convictions under that provision and <u>N.J.S.A</u>. 2A:151-8.

[<u>Id.</u> at 555 (citation omitted).]

Based on that reasoning, we held that the convictions for the weapon offenses did not merge. <u>Ibid.</u> We have applied <u>Wright's</u> merger-holding to the successor statutes violated by defendant. <u>State v. Lopez</u>, 417 N.J. Super. 34, 37 n.2 (App. Div. 2010).

The same facts support our refutation of defendant's argument that sentencing counsel was ineffective for failing to argue for a lower base term.[2] Assuming counsel was ineffective, we are unconvinced a lower term was attainable, and defendant failed to meet the second <u>Strickland</u>[3] prong by establishing there was a reasonable probability that, but for counsel's error, he

---

[2] We agree with defendant that the PCR judge erred in holding his sentencing arguments were barred under <u>Rule</u> 3:22-4. He did not raise an excessive sentencing argument that would be barred. <u>State v. Flores</u>, 228 N.J. Super. 586, 591-92 (App. Div. 1988). His ineffective assistance of sentencing counsel argument is cognizable in a PCR petition. <u>State v. Preciose</u>, 129 N.J. 451, 460 (1992).

[3] The test announced by the United States Supreme Court for determining if counsel was ineffective, adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), requires a defendant to first show that counsel was deficient or made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the Unites States Constitution. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To meet the second prong, a defendant must also demonstrate that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

would have rejected the plea agreement and gone to trial. State v. DiFrisco, 137 N.J. 434, 527-28 (1994).

We determine the balance of defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only that his counsel was not ineffective for failing to present mitigating factors. Defendant mentions only mitigating factor eleven, N.J.S.A. 2C: 44-1(b)(11), but offers no support for his bald assertion that it should have been considered by the judge in sentencing. Moreover, the presentence report lists defendant's employment status as unemployed,[4] and he had "no present income or personal assets," belying his contention that his daughter—who lived with her mother—would have been adversely impacted by his incarceration.

Defendant did not raise before the PCR court that both his sentencing and appellate counsel were ineffective because they did not argue that he was not afforded his right of allocution at sentencing and, as such, we will not address those arguments on appeal. State v. Robinson, 200 N.J. 1, 20 (2009).

The PCR court correctly denied defendant's request for an evidentiary hearing; he did not establish a prima facie case warranting one. R. 3:22-10(b);

---

[4] The presentence report also provides, "[t]he defendant reported to be self-employed as the owner/operator of an entertainment business prior to his arrest for the present case"; apparently no support was provided for his assertion.

A-2422-18T4

Preciose, 129 N.J. at 462-63. As we have determined, he failed to establish "a reasonable likelihood of succeeding" under the familiar Strickland test. Id. at 463.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2422-18T4