# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0979-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

G.L.,

    Defendant-Appellant.

_____

Submitted May 29, 2024 – Decided July 25, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 12-05-0354.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant G.L. was convicted in 2016 of sexually assaulting his daughter S.L., who was twelve years old when the abuse began, and was sentenced an aggregate thirty-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. His conviction and sentence were affirmed on direct appeal. State v. G.L., No. A-3162-16 (App. Div. Apr. 30, 2020), certif. denied, 246 N.J. 239 (2021). We incorporate, by reference, the facts and procedural history stated in that prior opinion. Ibid.

Less than two years later, defendant petitioned for post-conviction relief (PCR), alleging ineffective assistance by trial counsel. Relevantly, he claimed counsel incorrectly advised him not to testify at trial and elicited prejudicial and uncorroborated cross-examination testimony from his daughter that he beat her and her brother. The PCR judge Marybel Mercado-Ramirez, who also presided over defendant's trial, rendered an oral decision and entered an order denying the petition without an evidentiary hearing.

Defendant appeals, arguing:

> POINT I
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.

SUBPOINT A

Trial Counsel Elicited Unduly Prejudicial Testimony
from the Alleged Victim on Cross-Examination That
Defendant Had Assaulted His Children.

SUBPOINT B

Trial Counsel Abridged Defendant's Constitutional
Right to Testify.

Based upon our de novo review of the judge's factual findings made without an evidentiary hearing and legal conclusions, State v. Belton, 452 N.J. Super. 528, 536 (App. Div. 2017), we are unpersuaded by these arguments and affirm substantially for the cogent reasons explained in her oral decision.

In rejecting defendant's claims of ineffective assistance of counsel, the judge applied the two-prong Strickland test that defendant had to show: one, "counsel's performance was deficient"; and two, "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). "An attorney's representation is deficient when it '[falls] below an objective standard of reasonableness.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (quoting Strickland, 466 U.S. at 688). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694).

A-0979-22

With respect to trial counsel's cross-examination of S.L., the judge found there was no showing trial counsel was deficient. She determined counsel's cross-examination was a logical attempt "to question [S.L.'s] credibility by showing . . . her assertion[s] could not be corroborated by any evidence." To repudiate her claims that defendant beat her, counsel emphasized no one ever saw "any marks or bruises" caused by defendant beating S.L. The judge rejected defendant's contention that "the jury would have never known that S.L. had alleged he was a violent, physically abusive parent" absent counsel's cross-examination, pointing out "the State questioned S.L. about the alleged threat [he would kill her] and [her alleged claim he had a] the gun on direct examination." The judge added that defendant suffered no prejudice because the jury could have found him guilty based on S.L.'s direct-examination testimony and his own confession.[1]

Defendant reiterates the arguments rejected by Judge Mercado-Ramirez. We discern no reason to upset the judge's ruling as defendant failed to show that counsel's cross-examination strategy regarding S.L. was a prima facie case

---

[1] The jury was told by the investigating police detective that during police questioning, defendant confessed he touched S.L. "inappropriately," had sex with her, and believed he had once told her "not to tell anybody what happened" between them.

A-0979-22

of ineffective assistance. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" State v. Castagna, 187 N.J. 293, 314-15 (2006) (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

In S.L.'s direct examination, the State questioned her about defendant hitting her, threatening her about using a gun, and his violent nature to explain that she waited two years to report defendant's abuse because she believed defendant would kill her if she told someone about his abuse. On cross-examination, trial counsel reasonably highlighted weaknesses in S.L.'s explanation, namely that no one saw any bruises as proof of beatings, and he never specifically threatened to shoot her. This was a sound use of "cross-examination . . . to test the credibility of a witness and the truth of [their] testimony," which is "particularly critical in cases which are founded solely upon the observations of a witness." State v. Garcia, 255 N.J. Super. 459, 466 (App. Div. 1992).

5

Attacking an alleged child sex abuse victim's credibility is especially challenging, where the victim may "delay in reporting the alleged abuse." State v. P.H., 178 N.J. 378, 400 (2004). Understandably, trial counsel's strategy of drawing more attention to defendant hitting his children was due to the weight of the facts against him, something beyond counsel's control. See State v. Nash, 212 N.J. 518, 543-44 (2013). But as the State correctly notes, S.L. had already described defendant's threats and finding a gun in his pants pocket during her direct testimony. Counsel arguably would have been ineffective by not challenging S.L.'s credibility on cross-examination.

Turning to defendant's decision not to testify, the Judge Mercado-Ramirez found trial counsel did not err by "fail[ing] to reassess his trial strategy on whether defendant should testify [and] . . . rebut [S.L.'s] allegations," as "[d]efendant himself elected not to testify after the [c]ourt questioned him" on this choice. The judge noted that at the trial she expressly "advised defendant that he did not have to accept his counsel's advice not to testify," assuming defense counsel even gave any such advice. The court found nothing suggested "counsel was obligated to reassess his [trial] strategy" in these circumstances.

A-0979-22

We discern no basis to disturb the judge's ruling regarding defendant's decision not to testify. Our examination of defendant's claim and review of the record convinces us defendant had not established by a preponderance of evidence a prima facie case of ineffective assistance of trial counsel when he chose not to testify at his trial and, thus, there was no need for an evidentiary hearing. See Nash, 212 N.J. at 541 (holding defendant has the burden to establish his or her right to PCR "by a preponderance of the credible evidence" (quoting State v. Preciose, 129 N.J. 451, 459 (1992))); Preciose, 129 N.J. at 462 (ruling a court reviewing a PCR petition based on claims of ineffective assistance of counsel has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief). There were no disputed issues of material facts regarding defendant's decision to exercise his right not to testify that prevented the PCR judge from resolving defendant's claim. See State v. Porter, 216 N.J. 343, 354 (2013).

Defendant's bald assertion that trial counsel should have "reassess[ed] his strategy and allow[ed him] to testify" is insufficient basis for PCR. See State v. Marshall, 148 N.J. 89, 158 (1997). Nothing in the record suggests defendant unknowingly gave up his right to testify in his own defense. See State v. Lopez, 417 N.J. Super. 34, 39 (App. Div. 2010). At trial, Judge

Mercado-Ramirez directly advised him of his right to testify and confirmed he spoke with defense counsel before deciding not to testify. See State v. Ball, 381 N.J. Super. 545, 556 (App. Div. 2005). During this exchange, he denied anyone had forced him to waive his right to testify and he stated he had made his choice not to testify freely. The judge then separately confirmed trial counsel had advised defendant on this issue. Ibid. Only then did the judge accept defendant's decision. There was no indication counsel did not properly consult defendant. In fact, after the State completed its case, the judge granted defendant's request "to sleep overnight on . . . whether or not to testify" on his own behalf. The trial record speaks to the fact that defendant's decision not to testify was ultimately his choice. Thus, there is no factual or legal basis to disregard defendant's waiver of his constitutional right to testify.

Furthermore, the State correctly notes defendant's waiver did not prejudice him because his testimony likely would not have countered the combined weight of S.L.'s testimony and his own confession. See O'Neil, 219 N.J. at 611. Thus, defense counsel's advice against testifying did not constitute ineffective assistance under Strickland's second prong. 466 U.S. at 687.

A-0979-22

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9