**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1595-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREW HOWARD-FRENCH,

    Defendant-Appellant.

_____

Argued September 30, 2025 – Decided December 10, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-10-0872.

Jeffrey L. Weinstein, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Jeffrey L. Weinstein, on the brief).

Josemiguel Rodriguez, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Wayne Mello, Acting Hudson County Prosecutor, attorney; Stephanie Davis-Elson, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Josemiguel Rodriguez, on the brief).

Appellant filed supplemental briefs on appellant's behalf.

PER CURIAM

Defendant Andrew Howard-French was convicted by a jury of murdering Bryce Sparrow, a two-year-old boy entrusted to his care, and related offenses. He was sentenced to life imprisonment. We affirmed the conviction and sentence on direct appeal, and the Supreme Court denied certification. State v. Howard-French, 468 N.J. Super. 448, 454 (App. Div.), certif. denied, 248 N.J. 592 (2021). Nearly a year-and-a-half later, defendant filed a petition for post-conviction relief (PCR), raising ten claims of ineffective assistance of trial counsel. The PCR court denied the petition on procedural and substantive grounds without an evidentiary hearing.

Defendant appeals, arguing in a counseled brief:

> POINT I
>
> COUNSEL'S FAILURE TO PERFORM BASIC EXPECTED FUNCTIONS, SUCH AS FILING BRIEFS IN OPPOSITION TO THE STATE'S 404(B) MOTION, AND APPEARING AT MULTIPLE HEARINGS, WERE EGREGIOUS SHORTCOMINGS THAT DEPRIVED [DEFENDANT] OF HIS RIGHTS UNDER THE SIXTH AMENDMENT AND TO A FAIR TRIAL.

A-1595-23

POINT II

[DEFENDANT'S] TRIAL ATTORNEY ENGAGED IN SIGNIFICANT ERRORS THAT HAD A CAPACITY TO IMPACT THE OUTCOME AND COLLECTIVELY DENIED HIM A FAIR TRIAL.

A. TRIAL COUNSEL WAS INEFFECTIVE FOR ALLOWING [DEFENDANT] TO APPEAR FOR TRIAL IN HIS PRISON UNIFORM, THEREBY PREJUDICING HIM WITH THE TAINT OF CRIMINALITY IN THE EYES OF THE JURY AND DENYING HIM A FAIR TRIAL.

B. COUNSEL WAS INEFFECTIVE FOR FAILING TO REDACT FROM [DEFENDANT'S] RECORDED STATEMENT THE INTERVIEWING DETECTIVE'S COMMENTS THAT HE DID NOT BELIEVE [DEFENDANT], OR, ALTERNATIVELY, TO REQUEST A LIMITING INSTRUCTION.

C. TRIAL COUNSEL INEFFECTIVELY FAILED TO PRESENT A DEFENSE BY NEGLECTING TO INVESTIGATE AND CALL POTENTIALLY HELPFUL FACT, EXPERT AND CHARACTER WITNESSES.

1. Counsel Was Ineffective for Failure to Present Fact Witnesses Who Were Present During the Relevant Time Period.

2. Counsel Was Ineffective for Failing to Consult with and Present an Expert Witness to Refute the State's Expert's Conclusion That Bryce's Death Was Not Natural or Accidental.

3

3. Counsel Was Ineffective for Failing to Present Character Witnesses in Light Of [Defendant's] Lack of Prior Criminal History.

D. TRIAL COUNSEL HAD NO VALID STRATEGIC REASON FOR ADVISING [DEFENDANT] NOT TO TESTIFY; IN LIGHT OF [DEFENDANT'S] LACK OF PRIOR CRIMINAL HISTORY, THE STATE'S PRESENTATION OF HIS STATEMENT AS EVIDENCE, AND [DEFENDANT'S] ABILITY TO PROVIDE INFORMATION HELPFUL TO HIS DEFENSE, COUNSEL'S DECISION DENIED [DEFENDANT] HIS RIGHT TO TESTIFY.

E. COMBINED ERRORS OF FAILING TO OBJECT TO IMPROPER EXPERT AND LAY TESTIMONY AND TO REQUEST APPLICABLE INSTRUCTIONS DENIED [DEFENDANT] A FAIR TRIAL; THE PRESENTATION OF THESE ISSUES ON DIRECT APPEAL WAS NOT A BAR TO A PCR REMEDY, WHERE THE FOCUS IS ON COUNSEL'S INNEFECTIVENESS, WHICH ALSO PREJUDICED [DEFENDANT'S] CLAIMS ON DIRECT APPEAL BY SUBJECTING THEM TO A HIGHER STANDARD OF REVIEW.

In two supplemental self-represented briefs, defendant argues:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO INFORM DEFENDANT OF THE STATE'S PLEA OFFER.

4

POINT II

TRIAL COUNSEL FAILED TO SUFFICIENTLY VISIT WITH DEFENDANT TO PREPARE HIS DEFENSE.

POINT III

TRIAL COUNSEL FAILED TO APPEAR AT MULTIPLE COURT HEARINGS AND APPEARED TO BE UNDER THE INFLUENCE.

POINT IV

PROSECUTORIAL MISCONDUCT.

Having considered these arguments in light of the record and applicable law, we affirm.

I.

We do not detail the tragic events leading to Bryce's death and defendant's conviction as these facts are fully familiar to the parties and set forth in our published decision rejecting defendant's direct appeal. Howard-French, 468 N.J. Super. at 455-59. We limit our discussion to the facts and proceedings relevant to deciding defendant's appeal of the PCR court's order.

A-1595-23

A.

First, we address defendant's challenge to the PCR court's dismissal of his petition[1] on procedural grounds. Citing Rule 3:22-5's bar to raising PCR claims that have already been adjudicated, the PCR court properly dismissed defendant's claims that: (1) trial counsel failed to move to strike examining physician Noushin Sultana, M.D's testimony as expert opinion that Bryce's injuries two days before his death were indicative of abuse; (2) trial counsel failed to request appropriate limiting instructions regarding Dr. Sultana's testimony about Bryce's injuries; (3) trial counsel failed to move to have Jacqueline Benjamin, M.D's testimony that Bryce's cause of death was homicide

---

[1] Defendant's petition claimed trial counsel:

> (1) [B]ehaved erratically, appeared to be under the influence of drugs, failed to submit briefing, and failed to appear at hearings; (2) failed to consult with experts to rebut the State's experts; (3) failed to call witnesses with favorable testimony such as [a boy who defendant also cared for] and [his] aunt and failed to call witnesses as to [defendant's] good character; (4) advised petitioner not to testify; (5) failed to object when [defendant] wore prison pants and footwear the first two days of trial; (6) failed to move to have Dr. Sultana's testimony stricken; (7) failed to request appropriate limiting instructions; (8) failed to move to have Dr. Benjamin's testimony stricken; (9) failed to request the recordings be sanitized; and (10) failed to request appropriate affirmative defenses.

A-1595-23

be stricken; (4) trial counsel failed to request interrogation recordings accusing defendant of lying be sanitized; and (5) trial counsel failed to request an affirmative defense to the crime of endangering an injured person that he sought medical treatment for Bryce.

The PCR court also properly ruled that defendant failed to show a fundamental injustice would occur if the claims were not relitigated through his PCR petition. See State v. Hannah, 248 N.J. 148, 179 (2021); State v. Nash, 212 N.J. 518, 546 (2013). Not only did we reject these claims on direct appeal, but we held that defendant's attempt to reframe them as ineffective assistance claims lacked merit. Howard-French, 468 N.J. Super. at 459-69. The PCR court correctly applied Rule 3:22-5.

## B.

We next address defendant's PCR claims on appeal that were not previously raised on direct appeal. Before doing so, we briefly address well-settled principles guiding our review.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable

likelihood that his . . . claim will ultimately succeed on the merits." Ibid. To obtain relief for ineffective assistance, the defendant must show both deficient performance by counsel and that the deficiency prejudiced the defendant's right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

### 1. Trial Counsel Failed to Submit Briefs and Appear at Proceedings.

Defendant cites five instances to support his claim that trial counsel's performance was ineffective and prejudiced his defense. The first instance of ineffectiveness occurred when trial counsel failed to submit a brief regarding the State's motion to introduce the 109-page transcript of the defendant's statement to Hudson County Prosecutor's Office (HCPO) Detectives Brenton Porter and Trillion.[2] Trial counsel opposed the motion at oral argument. The second instance occurred when trial counsel did not submit a brief opposing the State's motion to introduce evidence of defendant's prior bad acts or wrongs. The third and fourth instances occurred when trial counsel did not appear when the court gave its oral decision and at a subsequent plea hearing cutoff conference. The fifth instance occurred when trial counsel had an associate

---

[2] Detective Trillion's first name is not mentioned in the record.

stand in for him without defendant's consent during the jury deliberations when it raised a question regarding the murder charge instruction. Defendant argues that although no affidavits or certifications were filed in support of this argument, these collective incidents "demonstrate[] that [trial] counsel was not really present and not functioning as counsel."

We agree with the PCR court that defendant's claim lacks merit, although our reasoning differs. The court found these were "bald assertions" due to a lack of supporting affidavits or certifications. While affidavits and certifications may have been helpful, they were not necessary in this instance as the record shows counsel did not submit briefs, was absent when the trial judge issued his decision, was absent at the plea cutoff conference and during the morning part of jury deliberations. The court also analyzed the issue under Strickland's second prong, concluding there was no reasonable probability the result of the proceedings would have been different since counsel argued the motions orally, the court sanctioned counsel for his absence, and counsel or associates were present for subsequent proceedings.

Trial counsel should have submitted written opposition to the State's motions and have been present at the pretrial cut-off conference and when the jury posed a question during its deliberations. However, to prove ineffective

A-1595-23

assistance, counsel's absence must be shown to have not contributed to the guilty verdict beyond a reasonable doubt. State v. De Luzio, 274 N.J. Super. 101, 119-20 (App. Div. 1993) (holding that ineffective assistance occurs when a trial counsel's failure to appear at a criminal proceedings' critical stages is "harmless beyond a reasonable doubt.") (internal quotations and citation omitted); State v. Scherzer, 301 N.J. Super. 363, 452 (App. Div. 1997) (the harmless error standard applies to counsel's temporary absences). The record demonstrates trial counsel's shortcomings did not affect the outcome.

Counsel's failure to appear at the recitation of the trial judge court's opinion is a de minimis error. As the motion court correctly noted, "all [the court] [was] doing is rendering [its] decision and [defendant's trial counsel] [could] get [it] via transcript of [that] proceeding." The plea cutoff conference is likely not de minimis. However, the court rescheduled it, and there is no record that delaying the hearing impacted the plea offer. Thus, we conclude it is beyond a reasonable doubt that there was no harmful error.

As for trial counsel's absence during jury deliberation, it may have been unexplained to defendant. The transcript of the previous day indicates that counsel told the trial judge at a sidebar conference that he would "be sending one of [his] associates first thing in the morning," but the rest of his comment is

cutoff, and it is unclear what, if anything, was stated thereafter. More importantly, the record shows that substitute counsel properly advocated on defendant's behalf.

Upon receipt of the jury's question, the following colloquy occurred:

> The [Judge]: We had a note from the jury . . . which reads . . . : Is the murder charge purely applied to a person intentionally causing death; i.e., I wanted to kill the person and I knew causing serious injuries would do so/kill the person. And they've made a box with yes/no at the bottom.
>
> . . . .
>
> [The State]: Judge, I think the question – the most neutral way to respond to this question is to re-read . . . the jury charge on murder. In that charge . . . the word intent doesn't appear. Conscious object is what's quoted there and I think that that is the most prudent way to proceed.
>
> . . . .
>
> [Substitute Counsel]: Judge, it's the defense's position that the . . . jurors have asked a yes or no question. We would humbly submit that yes would be the appropriate answer to that question. One, because they asked it . . . in that fashion, and, two, because they're asking a question that seems about intent. I would concede that the word intent is not used in the . . . model charge. However, conscious object and intent are synonymous. So we would submit that it would be appropriate to answer this question just by saying yes to the jurors, Judge.

11

The [Judge]: Well, first, when words are synonymous or similar in nature the model charges indicate that . . . . [I]n this — there is no such definition of intent being — being synonymous with purposeful or knowing. And I indicated in chambers an example would be if one . . . purposely strikes someone over the head. That's a purposeful act . . . there need not be an intent to kill . . . . So the question as phrased by the jury is a — misstatement of the law and the . . . [c]ourt will not answer yes or no. The [c]ourt will re-read to them the model jury charge on murder[.]

Given the jury's question required no familiarity with the case as it was fundamentally a question of law that substituted counsel sufficiently addressed, trial counsel's absence was harmless error.

Lastly, trial counsel's failure to submit briefs to oppose the introduction of defendant's statement to the detectives and introduction of Rule 404(b) evidence was harmless error. The record reflects trial counsel argued the motions competently. The lack of briefs falls short of establishing the presumption of prejudice due to the failure to provide "meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659 (1984). The outcome of defendant's verdict would not have been different had briefs been submitted.

Defendant falls short of establishing the presumption of prejudice due to the failure to provide "meaningful adversarial testing." Ibid. He also fails under Strickland's second prong because he has not provided any evidence to show a

12

reasonable probability that had a brief been submitted the outcome of the trial would be undermined. Fritz, 105 N.J. at 52. Considering defendant failed to establish a prima facie claim of ineffectiveness of counsel, an evidentiary hearing on this issue was not warranted.

2. Trial Counsel Allowed Defendant to Wear Prison Garb at Trial,

On the first day of jury selection, trial counsel advised the judge outside of the jury panel's presence that defendant was waiting for his mother to bring his clothes to wear and that counsel did not want the judge to instruct the jury panel to draw no inferences from the fact defendant was wearing prison garb. While the issue of the whereabouts of defendant's civilian clothing was discussed outside the jury panel's presence, the record does not indicate how it was resolved. Yet, the record reflects that defendant did not wear his civilian clothes for the first two days of trial when jury selection occurred.

Defendant alleges trial counsel was ineffective in failing to prevent or object to his wearing prison pants and prison footwear for the first two days of an eight-day trial. The PCR court agreed that defendant's federal and state constitutional rights to a fair trial would be violated if the jury saw him in "distinctive prison garb." However, the court determined defendant failed to establish that counsel was ineffective. The court found defendant's claims were

"blanket assertion[s]," because defendant did not: (1) specify "whether the pants and footwear appeared as distinctive prison garb;" and (2) provide "information as to communications by trial counsel concerning the prison garb" or "as to what was worn by [defendant] as far as a shirt, tie, jacket, etc." Further, the court noted defendant did not show that he was prejudiced; there is no indication the jury saw that defendant was wearing prison pants and footwear for the first two days of trial.

Defendant argues based on State v. Cummings 321 N.J. Super. 154, 170 (App. Div. 1999), the PCR court "erred by failing to interpret the facts alleged in [the] PCR petition in a light most favorable to . . . [him]." Defendant contends the PCR court erred by accepting the State's unfounded allegation that the jury was prevented from seeing defendant's prison garb because he was seated. We are unpersuaded.

Our case law is clear that a defendant should not wear distinctive prison garb at trial because it "may affect a juror's judgment," State v. Carrion-Collazo, 221 N.J. Super. 103, 109 (App. Div. 1987) (quoting Estelle v. Williams, 425 U.S. 501, 505 (1976)), but a defendant represented by counsel, implicitly waives this right if there is no objection, Williams, 425 U.S. at 512-13. Prison garb is considered "[d]istinctive" if it "allows the jury to 'visibly identify' the wearer as

14

a prisoner, such as a one-piece jumpsuit, 'detention greens,' or any clothing with markings identifying it as a correctional uniform."  State v. Artwell, 177 N.J. 526, 534 n.1 (2003) (internal citations omitted).

The record is unclear whether defendant was wearing distinctive prison garb, nor has defendant established that any members of the jury that was selected actually saw him in prison garb.  As the PCR court correctly recognized, there is no indication what defendant was wearing to enable it to find that defendant was wearing distinctive prison garb.  While we agree that appearing in prison garb during jury selection would be prejudicial, defendant must provide more than a bald assertion regarding his attire.  Under the totality of circumstances, defendant failed to establish a prima facie claim of ineffectiveness of counsel, and, therefore, the court did not err in concluding that an evidentiary hearing was not needed.

3.  Trial Counsel's Failure to Call Expert, Fact, or Character Witnesses.

Defendant argues trial counsel failed to call as a witness a twelve-year-old boy, who defendant also cared for and who was in the apartment with Bryce when Bryce was taken away by paramedics.  Defendant argues that the boy's unnamed aunt, who took care of the boy and lived in the building, should have been called as a witness.  Defendant contends these witnesses "could have

A-1595-23

provided information that [the boy] was unharmed in [defendant's] care" and therefore raised reasonable doubt that defendant harmed Bryce. Defendant also argues trial counsel should have called unspecified character witnesses to testify that he had never been previously convicted of any offenses. Lastly, defendant asserts trial counsel failed to call an unidentified expert witness to counter the medical examiner's findings about the nature of Bryce's death.

To establish counsel's ineffectiveness for not calling a witness, a defendant must show there was a reasonable probability that the witness's testimony would have resulted in a different trial outcome. State v. L.A., 433 N.J. Super. 1, 15-16 (App. Div. 2013). Moreover, a defendant asserting trial counsel "failed to call witnesses who would have exculpated [the defendant], . . . must assert the facts that would have been revealed, 'supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (quoting Cummings, 321 N.J. Super. at 170). "Determining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront." State v. Arthur, 184 N.J. 307, 320 (2005). As the Court explained in Arthur:

> A trial attorney must consider what testimony a witness can be expected to give, whether the witness's

testimony will be subject to effective impeachment by prior inconsistent statements or other means, whether the witness is likely to contradict the testimony of other witnesses the attorney intends to present and thereby undermine their credibility, whether the trier of fact is likely to find the witness credible, and a variety of other tangible and intangible factors.

[Id. at 320-21.]

Accordingly, a court's review of such a decision, in the context of ineffective assistance of counsel claims, should be "highly deferential." Id. at 321 (quoting Strickland, 466 U.S. at 693); see also Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Because defendant did not provide affidavits indicating the testimony the witnesses would have provided, the PCR court properly found his claims were "bald assertion[s]" with "no information as to the nature of the 'relevant information' and how, if at all, their testimony would have changed the outcome of the trial."

4. Trial Counsel's Advice to Defendant to Not Testify was Ineffective Assistance.

Defendant argues trial counsel erred in advising him not to testify. He claims he would have testified that "he did not cause any bruising to . . . [Bryce]," and "what he observed that might have caused the bruising by the CPR

17

in the bathroom and on the hardwood floor . . . [and] filled in other blank areas." Additionally, defendant argues "[t]here was no legitimate strategic reason . . . not to testify, as he could not be impeached by prior convictions, and had already given a statement to police that was introduced into evidence."

The PCR court found defendant's claim that trial counsel ineffectively advised him not to testify meritless because the trial court specifically instructed defendant about his rights to testify at trial. The court relied on State v. Ball, 381 N.J. Super. 545, 556-57 (App. Div. 2005), where we held that whether trial counsel advised the defendant of his right to testify did not matter because the trial judge explained it. The court found that defendant had knowingly waived his right to testify and did not provide "prima facie evidence of ineffective assistance of counsel" as to this claim.

We find no basis to disturb the PCR court's ruling. Our examination of defendant's claim and review of the record convinces us that defendant has not established by a preponderance of evidence a prima facie case of ineffective assistance of trial counsel when he chose not to testify at his trial. Defendant's bald assertion that trial counsel should have advised him to testify is an insufficient basis for relief. See Marshall, 148 N.J. at 158. Nothing in the record suggests defendant unknowingly gave up his right to testify in his own

18

defense—the trial judge directly advised him of his right to testify and confirmed he spoke with trial counsel before deciding not to testify. See State v. Lopez, 417 N.J. Super. 34, 39 (App. Div. 2010); Ball, 381 N.J. Super. at 556. During this exchange, defendant denied he was forced to waive his right to testify and he stated he had made his choice not to testify freely. The judge then separately confirmed trial counsel had advised defendant on this issue. Only then did the judge accept defendant's decision. There was no indication counsel did not properly consult defendant. Because the trial record demonstrates that defendant voluntarily chose not to testify, there is no factual or legal basis to disregard defendant's waiver of his constitutional right to testify.

Furthermore, defendant must establish that his testimony would create a reasonable probability that the outcome of the proceedings would have been different. Strickland, 466 U.S. at 694. As our Supreme Court stressed in State v. Gideon, the second prong "is an exacting standard." 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed[,]" but "[t]he defendant must 'affirmatively prove prejudice.'" Ibid. (citing Fritz, 105 N.J. at 52, and quoting Strickland, 466 U.S. at 693). Defendant has failed to do so.

5. Lack of An Evidentiary Hearing.

Defendant contends the PCR court erred in not affording him an evidentiary hearing. Because we conclude that defendant has not established a prima facie case of ineffective assistance of counsel, an evidentiary hearing is not warranted. See Nash 212 N.J. at 541 (holding defendant has the burden to establish his or her right to PCR "by a preponderance of the credible evidence") (quoting Preciose, 129 N.J. at 459); Preciose, 129 N.J. at 462 (ruling a court reviewing a PCR petition based on claims of ineffective assistance of counsel has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief).

C.

Finally, we address defendant's arguments in his self-represented supplemental brief that were not asserted in his counseled brief.

1. Trial counsel was Ineffective in Failing to Inform Defendant of the State's Plea Offer.

Defendant contends trial counsel never informed him of the State's offer that in exchange for his guilty plea to an amended count of aggravated manslaughter, he would serve a twenty-year sentence subject to an eighty-five percent parole eligibility. There is no merit to this contention as the record

20

clearly shows defendant was present at the <u>Miranda</u>[3] hearing—which was prior to plea cut off—when the prosecutor stated the offer and trial counsel indicated it was unacceptable at that time. Defendant said nothing when the plea offer was mentioned and did not indicate that counsel refused to discuss the offer following that court appearance.

2. <u>Trial Counsel Failed to Sufficiently Visit with Defendant to Prepare His Defense.</u>

Defendant alleges trial counsel only visited him in the county jail three times and did not review "transcripts or court proceeding[s]" "due to his drug use and alcohol addiction." These allegations are bald assertions that are unsubstantiated by any record evidence and lack a showing of prejudice; they are insufficient to establish a prima facie ineffectiveness assistance claim.

3. <u>Trial Counsel Failed to Appear at Multiple Court Hearings and Appeared to be Under the Influence.</u>

Defendant alleges trial counsel's substance abuse caused him to miss many court appearances. These allegations are also bald assertions unsubstantiated by any record evidence and there is no showing how this prejudiced defendant. They do not call for PCR.

---

[3] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-1595-23

## 4.  Prosecutorial Misconduct.

Defendant contends that the State denied him a fair hearing when it introduced surveillance camera video footage of the wrong stairwell in the apartment building where Bryce lived to sustain its N.J.R.E. 404(b) motion to show that defendant lied to the police by alleging Bryce sustained injuries six days before his death by falling on the stairwell.  The trial judge granted the motion and admitted the video footage into evidence at trial, thus allowing the State to argue that Bryce's pre-death injuries were not caused by a fall as defendant claimed.  Defendant argues the video footage was improper because Bryce did not fall on that stairwell but on another stairwell that was not captured in the surveillance video.

At argument before us, defendant's counsel asserted trial counsel's failure to argue at the motion hearing that the State used the wrong stairwell to support its contention that defendant had lied about Bryce's injuries occurred constituted ineffective assistance.  He argued had trial counsel provided effective representation, the misleading video footage would have been suppressed, there would not have evidence of defendant's prior bad act, and the trial outcome would have been different.

A-1595-23

We initially stress that because the claims of prosecutorial misconduct and ineffective assistance were not raised before the PCR court, we generally do not consider them because they were "not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."  State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).  Additionally, the prosecutorial misconduct claim is procedurally barred by Rule 3:22-4 because it could have been raised on direct appeal.  Defendant did not raise it in the context of an ineffective assistance of counsel claim.  Moreover, it does not fall within any other exception under the rule because no fundamental injustice occurred and the denial of relief was "not contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey."  Rule 3:22-4(a).  Yet, for completeness, we briefly consider the merits of the claims.

As to ineffective assistance of counsel, defendant was present at the motion hearing, and there is no indication in the record he expressed any concern to trial counsel, appellate direct counsel, or appellate PCR counsel that the wrong stairwell was depicted in the video footage.  Nor is there a credible assertion that any of his counsel should have been aware of the error.  In

addition, Bryce's mother testified at the motion hearing and at trial that defendant told her that Bryce fell on the stairwell shown in the video footage. Although trial counsel did not explicitly raise the issue of the second set of stairs during the N.J.R.E. 404(b) proceedings, he effectively questioned the State's reliance on the video footage, arguing that it did not definitively prove anything.

Defendant makes no showing that the State intentionally relied on video footage of the wrong stairwell to show defendant lied about how Bryce was injured. See State v. Daniels, 182 N.J. 80, 96 (2004) (quoting State v. Smith, 167 N.J. 158, 177 (2001)) ("[A] prosecutor must refrain from improper methods that result in a wrongful conviction, and is obligated to use legitimate means to bring about a just conviction.").

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division